**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

Case: 4:26-cv-10038
Assigned To : Behm, F. Kay
Referral Judge: Patti, Anthony P.
Assign. Date : 1/6/2026
Description: CMP Phillip V Washtenaw County et al (lh)

**JUSTIN JARVIS JEROME PHILLIPS,**
Plaintiff,

v.

**WASHTENAW COUNTY,**
**Washtenaw County Sheriff's Department,**
**Washtenaw County Prosecutor's Office,**
**JOHN/JANE DOE SHERIFF'S DEPUTIES 1–10,** in their individual capacities,
**JOHN/JANE DOE PROSECUTORS 1–5,** in their investigative and administrative capacities,

**Michigan Educational Credit Union,**
**Lisa Kania,**
**Henry "Hank" Wilson,**
**Amanda Duff,**
**Robert Sandercock,**

**Mercedes-Benz of Ann Arbor,**
**ANN ARBOR-5,**
**William Bryan Dandurand,**
**Jelani Evans,**
**Mathew Davis,**
**Shawn E. Durham,**
**Robert Papa,**

**Lithia Motors,**
**David Fischer,**
**The Suburban Collection Group,**

Defendants.

---

## COMPLAINT AND JURY DEMAND

## I. NATURE OF THE ACTION

1. This is a civil-rights action under **42 U.S.C. §§ 1983 and 1985** arising from a **fabricated criminal investigation and prosecution** in Washtenaw County, Michigan.

2. Defendants jointly fabricated and concealed evidence, relied on **false vehicle-repair representations**, and used an **unidentified, unauthorized subpoena** to seize Plaintiff's private financial records.

3. The unlawful evidence was used to initiate and continue felony charges against Plaintiff for **False Report** and **False Pretenses**.

4. The prosecution **terminated in Plaintiff's favor on July 31, 2023**.

5. Defendants' conduct violated Plaintiff's rights under the **Fourth and Fourteenth Amendments** and caused severe economic, emotional, and reputational harm. Washtenaw County, through its indigency determination and appointed-counsel system, maintained policies, customs, and practices that resulted in the constructive denial of Plaintiff's **Sixth Amendment** right to counsel, including but not limited to delayed appointment, inadequate investigation time, excessive caseloads, and lack of meaningful attorney-client consultation. These practices operated at critical stages of the criminal proceedings and caused structural constitutional injury. Specific internal criteria, communications, and funding directives are uniquely within Defendants' possession and will be established through discovery.

---

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**.

7. This Court has supplemental jurisdiction over state-law claims under **28 U.S.C. § 1367**.

8. Venue is proper under **28 U.S.C. § 1391(b)** because all events occurred in this District.

---

## III. PARTIES

9. Plaintiff **Justin Jarvis Jerome Phillips** is a Michigan resident.

10. Defendant **Washtenaw County** is a municipal entity responsible for the policies, customs, and practices of its Sheriff's Department and Prosecutor's Office.

11. Defendant **Washtenaw County Sheriff's Department** acted under color of state law through its deputies.

12. Defendant **Washtenaw County Prosecutor's Office** engaged in investigative and administrative acts outside protected prosecutorial advocacy.

13. **John/Jane Doe Sheriff's Deputies 1–10** participated in the investigation, evidence gathering, and use of unlawful process.

14. **John/Jane Doe Prosecutors 1–5** participated in investigative or administrative acts, including review, use, or ratification of unlawful subpoenas.

15. Defendant **Michigan Educational Credit Union ("MECU")** and its employees acted jointly with state actors by disclosing Plaintiff's financial records without valid legal process.

16. **Lisa Kania**, **Amanda Duff**, **Henry "Hank" Wilson**, and **Robert Sandercock** processed, approved, or ratified MECU's disclosure despite the absence of lawful judicial authorization.

17. Defendant **Mercedes-Benz of Ann Arbor**, **ANN ARBOR-5**, and their employees provided information relied upon by law enforcement.

18. **William Bryan Dandurand**, **Jelani Evans**, **Mathew Davis**, and **Shawn E. Durham** supplied false, misleading, or incomplete statements or records.

19. **Robert Papa** was a **Michigan-licensed Mercedes repair technician** who possessed specialized technical knowledge regarding Plaintiff's Mercedes GL-450 and provided **false or materially incomplete diagnostic or repair representations** treated as authoritative.

20. **Lithia Motors**, **David Fischer**, and **The Suburban Collection Group** exercised ownership, supervisory, or operational control and ratified or failed to prevent the misconduct.

---

## IV. FACTUAL ALLEGATIONS

### A. Vehicle-Based Fabrication of Evidence

21. Dealership Defendants provided law enforcement with **false and misleading information** concerning the condition, operation, and repair history of Plaintiff's Mercedes GL-450.

22. Defendant **Robert Papa**, acting as a licensed repair technician, supplied technical representations that were **false, misleading, or materially incomplete**.

23. Papa's representations were treated as technically authoritative and were incorporated into investigative reports.

24. Defendant Robert Papa's role as a licensed repair technician placed him in a unique position of authority regarding the mechanical condition and diagnostic interpretation of the Mercedes GL-450. Statements or representations attributed to Defendant Papa were treated as technically authoritative and were relied upon by other Defendants, including dealership personnel and law enforcement, despite their falsity or material incompleteness.

25. Defendant Papa either knowingly misrepresented the condition or repair history of the vehicle, or acted with reckless disregard for the truth, thereby contributing to the fabrication of evidence and the initiation or continuation of criminal proceedings against Plaintiff.

26. The false technical narrative was used to manufacture probable cause where none existed.

---

**B. Unlawful Subpoena and Financial Record Seizure**

25. Law enforcement presented MECU with a subpoena purporting to authorize seizure of Plaintiff's financial records.

26. **No issuing court, docket number, author, or judicial authorization has ever been identified**.

27. MECU and its employees failed to verify lawful process and disclosed Plaintiff's protected financial information anyway.

28. The unlawfully seized financial records were used to initiate and continue criminal proceedings.

---

**C. Prosecution and Favorable Termination**

29. Plaintiff was charged with felony **False Report** and **False Pretenses**.

30. Defendants continued the prosecution despite knowing the evidence was fabricated or unlawfully obtained.

31. On **July 31, 2023**, all charges were dismissed in Plaintiff's favor.

---

**D. Concealment**

32. Defendants concealed subpoena drafts, logs, approvals, and inter-agency communications.

33. The identity and origin of the subpoena remain unknown to date despite Plaintiff's diligence.

---

## V. FRAUDULENT CONCEALMENT AND TOLLING

34. Defendants engaged in affirmative acts of concealment, including false reports, misrepresentations, and suppression of subpoena documentation.

35. The concealed facts were exclusively within Defendants' control.

36. State-law limitations periods are tolled under **MCL 600.5855**.

37. Federal claims are timely under favorable-termination accrual rules.

---

## VI. PRE-EMPTIVE OPPOSITION TO QUALIFIED IMMUNITY & SOL

*(Integrated – Sixth Circuit Authority Incorporated)*

38. Defendants are not entitled to qualified immunity because it was clearly established that fabricating evidence, using false statements to establish probable cause, and initiating prosecution without probable cause violate the Constitution.

39. Any statute-of-limitations defense fails as a matter of law and presents fact questions inappropriate for Rule 12 dismissal.

---

## VII. CLAIMS FOR RELIEF

**COUNT I – Malicious Prosecution (42 U.S.C. § 1983)**

*(Against County, Sheriff Deputies, Prosecutor Defendants, and Joint Private Actors)*

40. Defendants initiated and continued a prosecution without probable cause.

41. The prosecution terminated in Plaintiff's favor.

42. Plaintiff suffered deprivation of liberty and damages.

---

**COUNT II – Fabrication of Evidence (42 U.S.C. § 1983)**

*(Against All Defendants Involved)*

43. Defendants fabricated vehicle and financial evidence used to prosecute Plaintiff.

Defendant Robert Papa fabricated or materially misrepresented technical facts regarding the Mercedes GL-450, which were incorporated into law-enforcement reports and relied upon to establish probable cause where none existed.

---

**COUNT III – Civil Conspiracy (42 U.S.C. §§ 1983 & 1985)**

*(Against All Defendants)*

44. Defendants agreed and acted in concert to violate Plaintiff's constitutional rights.

Defendant Robert Papa knowingly participated in a conspiracy with dealership personnel and law-enforcement officers by supplying false or misleading technical information with the understanding that it would be used to support unlawful process and prosecution.

---

**COUNT IV – Monell Liability**

*(Against Washtenaw County)*

45. The violations resulted from policies, customs, failures to train, and ratification.

---

**COUNT V – Supplemental State-Law Claims (Tolled)**

*(Against Private-Actor Defendants)*

46. Abuse of process, invasion of privacy, civil conspiracy, and fraudulent concealment.

---

**VIII. DAMAGES**

47. Compensatory damages
48. Economic losses
49. Emotional distress
50. Punitive damages (individual defendants)
51. Attorneys' fees and costs under **42 U.S.C. § 1988**

---

**IX. JURY DEMAND**

Plaintiff demands a **trial by jury** on all issues so triable.

---

**PRAYER FOR RELIEF**

Plaintiff respectfully requests judgment in his favor, all appropriate damages, declaratory relief, costs, and such further relief as the Court deems just.

---

**Respectfully submitted,**

, MSW

**Justin Jarvis Jerome Phillips, MSW**
Plaintiff, Pro Se

**Date: January 2, 2026**

4501 Woodward Ave
Ste 101-B Unit 263
Detroit, Michigan 48201