UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JARVIS JEROME
PHILLIPS,

      Plaintiff,

v.

JOHN DOE SHERIFF'S
DEPUTIES 1-10,

      Defendants.

_____ /

Case No. 26-10038

F. Kay Behm
U.S. District Judge

## ORDER DISMISSING CASE FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE

Plaintiff Justin Phillips filed this action on January 6, 2026, alleging, broadly, some kind of false prosecution against him that arose out of statements by maintenance personnel working on his Mercedes. ECF No. 1.  The court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), but dismissed portions of Plaintiff's Complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).  ECF No. 6.  One claim survived this court's initial screening, but the court ordered that Plaintiff identify some or all of the remaining John Doe defendants in order to proceed on his sole remaining count.  Plaintiff was given 30 days from entry of the order to

1

amend his complaint to identify at least some of the remaining John/Jane Doe Defendants to permit service of process.  ECF No. 6, PageID.35.  He was warned that failure to identify any remaining defendant would result in dismissal of this case without prejudice for failure to prosecute.  *Id.*  That order was entered on February 4, 2026 (ECF No. 6), and no amended complaint has been received.

When dismissing a case for failure to prosecute, the court should consider: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In this case, although there is no specific prejudice to the Defendants because none has been served, the fault for failure to file an amended complaint lies solely with Plaintiff, Plaintiff was warned that failure to comply could lead to dismissal, and because the court cannot order service on John Doe Defendants (*see* ECF No. 6, PageID.33), there is no lesser

2

sanction available.  This case is therefore dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED**.

Date: March 20, 2026                    s/ F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge